THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONALD C. HAYES,<br><br>  Petitioner,<br><br> v.<br><br>MARGARET GILBERT,<br><br>  Respondent. | CASE NO. C16-0803-JCC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on Petitioner Donald Hayes's objections (Dkt. No. 24) to the report and recommendation (Dkt. No. 22) issued by the Honorable Mary Alice Theiler, United States Magistrate Judge. Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby OVERRULES the objections and ADOPTS the report and recommendation for the reasons explained herein.

I. **BACKGROUND**

Petitioner Donald C. Hayes was convicted of several offenses in King County Superior Court in 2010. (Dkt. No. 22 at 2) (citing Dkt. No. 16, Ex. 1 at 7). Mr. Hayes was soon released on an alternative sentencing plan—known as a drug offender sentencing alternative (DOSA)—until 2013 when he relapsed and confessed to attempted residential burglary and second-degree identity theft. (Dkt. No. 22 at 2) (citing Dkt. Nos. 16, Exs. 1, 4, 8).

Mr. Hayes, now an inmate at Coyote Ridge Correctional Facility, brought this habeas petition *pro se*. (Dkt. No. 7.) He claimed that the Department of Corrections violated his Fourteenth Amendment rights by giving him, a recovering heroin user, opiate-based medicine before releasing him into an environment where he relapsed and acquired new felony convictions. (Dkt. No. 7 at 5.) Mr. Hayes also claimed that the State failed to provide further treatment after his release. (*Id.*)

On review, Judge Theiler recommended that this Court deny Mr. Hayes's habeas petition and dismiss this case with prejudice. (Dkt. No. 22 at 7.) Specifically, Judge Theiler concluded that this habeas petition is improper because it targets the medical treatment Mr. Hayes received during his confinement, not the judgments against him or how his sentences are being carried out. (Dkt. No. 22 at 5.) Judge Theiler also recommended that this Court not construe this petition as a 42 U.S.C. § 1983 action because Mr. Hayes has a concurrent civil rights case based on the same facts pending before this Court. (*Id.*) (*see also Hayes v. State of Washington, DOC*, C16-5095-BHS-DWC).

Mr. Hayes objected to Judge Theiler's recommendation. (Dkt. No. 24.) In his objection, Mr. Hayes repeated his initial claims about the lack of medical care he received, and reasserted his desire to rejoin the DOSA program. (Dkt. No. 24 at 3–4.) Mr. Hayes did not explain why a habeas petition is the proper vehicle for his complaint. (*See generally id.*)

## II.   DISCUSSION

Mr. Hayes's challenge raises two issues. First, is a writ of habeas corpus the correct tool to challenge the conditions of Mr. Hayes's confinement? Second, if not, should the Court convert the habeas petition into a § 1983 challenge where doing so would create two nearly identical lawsuits?

### A.   Legal Standards

A district judge reviews objections to a magistrate judge's report and recommendation *de novo*. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended

disposition; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

### B.  Mr. Hayes Has Not filed a Proper Writ of Habeas Corpus

This Court has jurisdiction to grant habeas writs to an individual who is in custody "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2241(c)(3). Prisoners who are in custody because of state court judgments can file habeas petitions under 28 U.S.C. § 2254 if their custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).

Habeas petitions must challenge a harm that falls within "the core of habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016). A challenge is within this core if it "addresses the validity of any confinement" or any "particulars affecting its duration…" *Id.* The test is whether the petition's success would necessarily result in immediate or earlier release from confinement. *Id.* at 927–35.  Challenges which fall outside the core of habeas corpus must be brought under 42 U.S.C. § 1983. *Muhammad v. Close*, 540 U.S. 749, 750 (2004); *see also Nettles*, 830 F.3d at 933–34.

Mr. Hayes has not selected the proper vehicle for this challenge. He argues that a favorable judgment reinstating his DOSA would result in his release from "total confinement." (Dkt. No. 24 at 11.) If true, this could be a "particular" affecting the duration of his confinement under *Mohamed* and *Nettles*. However, as both Judge Theiler and the Washington Supreme Court noted, Mr. Hayes's new convictions removed him from the DOSA program. (Dkt. No. 22 at 6; *see also* Dkt. No. 16, Ex. 8 at 3.) Whether or not the Department of Corrections gave Mr. Hayes appropriate medical treatment during his confinement or after his release in 2010 does not directly address whether he is guilty of attempted residential burglary and second-degree identity theft. (Dkt. No. 22 at 2) (citing Dkt. Nos. 16, Exs. 1, 4, 8). Even if Mr. Hayes established that his Constitutional rights were violated through inadequate or inappropriate treatment, he remains culpable for the crimes he committed while on community custody.

### C. The Court Declines to Convert this Petition into a § 1983 Claim

Mr. Hayes has not asked the Court to convert his habeas petition into a § 1983 claim. However, this inquiry is relevant because Mr. Hayes expressly acknowledged that he may have mistakenly filed a habeas petition, and asks the Court to allow him to correct the error. (Dkt. No. 24 at 5.) Mr. Hayes's request may be broad enough to embrace that possibility even though he does not specifically ask the Court for a conversion. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.").

On review, Judge Theiler declined to construe the habeas petition as a civil rights claim because Mr. Hayes has a similar suit based on the same facts pending in this court. (Dkt. No. 22 at 7.) This Court agrees with Judge Theiler, and declines to convert Mr. Hayes's habeas petition into a § 1983 challenge where doing do would create an unnecessarily duplicative lawsuit.

### III. CONCLUSION

For the foregoing reasons, this Court OVERRULES Mr. Hayes's objections (Dkt. No. 24) and ADOPTS the report and recommendation (Dkt. No. 22). Mr. Hayes's habeas petition (Dkt. No. 7) is DENIED and this case is DISMISSED with prejudice. Mr. Hayes also has a pending motion for a telephonic appearance (Dkt. No. 25). Because there will be no hearing on his habeas petition, his motion for telephonic appearance need not be addressed.

DATED this 13th day of January 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE