THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONALD C. HAYES,<br><br>      Petitioner,<br><br>   v.<br><br>MARGARET GILBERT,<br><br>      Respondent. | CASE NO. C16-0803-JCC<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Petitioner Donald C. Hayes's motion for reconsideration (Dkt. No. 30) of this Court's order (Dkt. No. 27) adopting the report and recommendation issued by the Honorable Mary Alice Theiler, United States Magistrate Judge (Dkt. No. 22).

Motions for reconsideration are generally disfavored. W.D. Wash. Local Civ. R. 7(h)(1). Reconsideration is appropriate only if there is "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* "Motions for reconsideration are not the place for parties to make new arguments or to ask the Court to rethink what it has already thought." *Richard v. Kelsey*, 2009 WL 3762844 at *1 (W.D. Wash. Nov. 9, 2009).

1   Mr. Hayes's motion does not meet the standards set forth in Rule 7(h). He largely
2 rehashes the argument he previously presented—*i.e.*, that reinstatement of his DOSA would
3 release him from total confinement. (Dkt. No. 30 at 2-4.) But the Court rejected this argument
4 after finding that Mr. Hayes would still be liable for his new convictions even if his claims of
5 improper treatment were valid. (Dkt. No. 27 at 1.) Mr. Hayes has shown no reason to challenge
6 this finding.

7   Mr. Hayes also argues—for the first time on reconsideration—that, under Wash. Rev.
8 Code §§ 9.94A.633 and 9.94A.737, he cannot be sanctioned for more than 30 days for acquiring
9 new felony convictions. (Dkt. No. 30 at 7.) Mr. Hayes waived this argument by not raising it
10 previously. *See Richard*, 2009 WL 3762844 at *1. ("Motions for reconsideration are not the
11 place for parties to make new arguments."). Moreover, the statutes cited do not shield Mr. Hayes
12 from the consequences of new convictions.  Rather, they outline possible sanctions for people
13 who violate the terms of their community custody. In other words, the sanctions Mr. Hayes could
14 have received for violating the terms of his DOSA are different than the sentences he received
15 for his new convictions.

16   Finally, Mr. Hayes's motion was untimely. Motions for reconsideration "shall be filed
17 within fourteen days after the order to which it relates is filed." W.D. Wash. Local Civ. R.
18 7(h)(2). The Court may dismiss motions that are filed past this deadline. *Id.* This Court denied
19 Mr. Hayes's habeas petition on January 13, 2017. Accordingly, Mr. Hayes had until January 27,
20 2017 to file a timely motion. Mr. Hayes did not file his motion until January 30, 2017.

21   In sum, although the Court is sympathetic to Mr. Hayes, habeas relief is not the
22 appropriate remedy for his grievances. The motion for reconsideration (Dkt. No. 30) is DENIED.
23 The Clerk is DIRECTED to send a copy of this order to Mr. Hayes.

24   //
25   //
26   //

MINUTE ORDER C16-0803-JCC
PAGE - 2

1     DATED this 10th day of February 2017.

William M. McCool<br>
Clerk of Court<br><br>
s/Paula McNabb<br>
Deputy Clerk